UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

              **-v-**                              **5:12-CV-129 (NAM/ATB)**

**MATHEW J. MORSE,**

                              **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Manfredi Law Group, PLLC
John S. Manfredi, Esq., of counsel
302 East 19th Street, Suite 2A
New York, New York 10003
Attorney for Plaintiff

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

The complaint (Dkt. No. 1) in this action to collect on a student loan, filed on January 21,

2012, sets forth defendant's address as 492 Biddlecum Road, Phoenix, New York 13135. The

affidavit of service (Dkt. No. 3) states that on March 15, 2012, the pleadings were served on

defendant "at 2144 Rabbit Ln, Phoenix NY 13135" in the following manner:

> By delivering a true copy of each to JOHN DOE [REFUSED NAME],
> FAMILY MEMBER, a person of suitable age and discretion. Said premises
> is recipient's usual place of abode within the state."
>
> Pursuant to C.P.L.R. – Section 308(2) On 1/15/2012, service was completed
> by depositing a true copy of each document to the above address....

On April 19, 2012, the Clerk's Office granted plaintiff's request for an entry of default (Dkt. No.

6). The Clerk's Certificate recited: "Service was effected upon Mathew J. Morse by delivering

and leaving a copy of the summons and complaint with John Doe, a family member, on March 15, 2012 and by mailing a copy of the same to the address of 2144 Rabbit Lane, Phoenix, New York 13135 on March 15, 2012." Plaintiff now moves (Dkt. No. 7) for default judgment.

Before reaching the question of default judgment, the Court reviews the affidavit of service. The Court finds that the affidavit of service does not establish that service has been made in compliance with federal or state law, and that the Clerk's Entry of Default was issued in error. Rule 4(e)(B) of the Federal Rules of Civil Procedure ("Rule 4(e)(B)") provides that a summons and complaint may be served on an individual by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Section 308(2) of New York Civil Practice Law and Rules ("section 308(2)") authorizes service by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]"

The complaint gives defendant's address as 492 Biddlecum Rd., the address set forth in the Certificate of Indebtedness attached to the complaint. The affidavit of service does not explicitly state that 2144 Rabbit Lane is defendant's dwelling place or usual place of abode, as required by Rule 4(e), or that it is defendant's actual place of business, dwelling place, or usual place of abode as required by section 308(2). Rather, after reciting delivery to "John Doe", the affidavit states: "Said premises is recipient's usual place of abode within the state"; it is not clear whether the "recipient" is defendant or John Doe. Further, there is no manner of identifying the

-2-

person to whom the summons and complaint were delivered. The affidavit of service states that

the pleadings were delivered to "John Doe [Refused Name], Family Member." The description

does not assist in identifying this person, inasmuch as it describes him as a white male with brown

hair, approximate age "35-49" (a range of 15 years), approximate height "5'9" - 6'0"" (a range of

five inches), and approximate weight "160-199 Lbs." (a range of 40 pounds). This affidavit of

service, wholly lacking in specifics, does not amount to a showing that defendant was properly

served. *See, e.g., Lliviganay v. Cipriani 110 LLC*, 2009 WL 1044606, \*1 (S.D.N.Y. Apr. 14,

2009); *Bronx Gate & Grille v. Deleon*, 2008 WL 5069533, \*2, n.2 (E.D.N.Y. Nov. 24, 2008); *cf.*

*Roberts v. Anka*, 846 N.Y.S.2d 280, 282 (2d Dep't 2007) (finding *prima facie* evidence of proper

service where process server's affidavit "asserted that the summons and complaint were

delivered to a female 'relative' of the defendant of suitable age and discretion, whose physical

description was set forth in detail, at the address that the defendant admits is her residence,

followed by the required mailing.").

The Court gives plaintiff 30 days to supplement the motion for default judgment with

proof that service was properly made on defendant within 120 days of the filing of the complaint

in compliance with Fed.R.Civ.P. 4(m). If plaintiff does so, the Court will proceed to consider the

application for a default judgment. In the alternative, plaintiff may within 30 days apply for an

extension of time for service under Fed.R.Civ.P. 4(m).

It is therefore

ORDERED that the motion (Dkt. No. 7) for default judgment is denied with leave to

renew in accordance with this Memorandum-Decision and Order; and it is further

ORDERED that the Clerk's Entry of Default will automatically be vacated without further

order of the Court unless, within 30 days of the date of this Memorandum-Decision and Order, plaintiff supplements the motion with proof that service was properly made on defendant within 120 days of the filing of the complaint; and it is further

ORDERED that plaintiff may apply within 30 days for an extension of time for service under Fed.R.Civ.P. 4(m).

IT IS SO ORDERED.

Date:   February 4, 2013
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge